**Frederick OVERTON, Plaintiff,**

v.

**Sheriff CLAUSSEN, Mesa County Sheriff; and Joshua Holmes, Mesa County Jail Medical Doctor, Defendant.**

**No. Civ.A.98–K–2677.**

United States District Court,
D. Colorado.

Sept. 8, 1999.

Frederick Overton, Territorial Correctional Facility, Canyon City, CO, for plaintiff.

Alan N. Hassler, The Hassler Law Firm, P.C., Grand Junction, CO, Joshua Holmes, M.D., Fruita, CO, Paul Andrew Faraci, Cooper & Clough, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Plaintiff Frederick Overton is currently in the custody of the Territorial Correction Facility, Canon City, Colorado. He initiated this action by submitting to the court *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983. Mr. Overton, an HIV patient, submits, from October 21, 1998 through October 26, 1998, while being held at the Mesa County Detention Facility, Colorado, he was not given the prescribed life saving drugs and was denied any and all medical treatment and therapy related to his medication.

Pending are Defendant Sheriff Claussen's Motion to Dismiss pursuant to 42 U.S.C. § 1997 and F.R.Civ.P. Rule 12; and Alternative motion to Quash Service and Alternative Motion for More Definite Statement, and Defendant Holmes' Motion to Dismiss or for Summary Judgment. This case was initially referred to Magistrate Judge Coan. However, on August 26, 1999, I withdrew the order of reference and stated I would review the pending motions to dismiss or for summary judgment and determine whether to hear oral

argument before a ruling. I have determined that oral argument would not be of material assistance. I grant the motions, enter summary judgment and dismiss the case.

■ Defendants first argue the complaint should be dismissed because Mr. Overton has failed to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a). Pursuant to that statute, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Mr. Overton's complaint relates to his prison conditions while confined in Mesa County Detention Facility, a correctional facility. Accordingly, he must exhaust such administrative remedies as are available to him. *See Garrett v. Hawk,* 127 F.3d 1263, 1265 (10th Cir.1997).

In an affidavit of Sheriff Claussen in support of his motion, he describes the administrative remedies available for both medical and other problems inmates may encounter at Mesa County Detention Facility. The applicable rules, regulations and procedures are set forth in the "Mesa County Sheriff's Office Detention Facility Inmate Handbook" ("Inmate Handbook"). The policy refers to "medical kite" files. According to the affidavit, Mr. Overton is familiar with the process as a large number of kites appear in his file from his 1997 and May, 1998 incarcerations at the Mesa County Detention Facility. According to the Sheriff's affidavit, Mr. Overton's file contains no "medical kite" of any kind for his detention at the Mesa County Detention Facility from October 21 through October 26, 1998.

In addition to providing inmates with a means of obtaining medical care, the Inmate Handbook describes an administrative process for any grievances or other concerns inmates may have. Again, according to Sheriff Claussen's affidavit, there are no entries in Overton's file for his October 21 through October 26, 1998

detention and no entries reflecting that Overton attempted either informal or formal resolution under the provided policy.

The Prisoner's Civil Rights Complaint form completed by Mr. Overton and filed in this action specifically asks if the plaintiff has exhausted the available administrative remedies. Mr. Overton responds that he has and explains:

> The Plaintiff contacted Cheryl VanHouten, Client Services Manager at the WESTERN COLORADO AIDS PROJECT to remedy the problem. Ms. VanHouten has previously and currently contacted Defendant Joshua Holms [sic], M.D., concerning the plaintiff, and other H.I.V. Inmates not receiving their prescribed "LIFE SAVING" medication. The Plaintiff and Ms. Van Houten has [sic] tried numerous times to remedy this and other matters administratively, but to no avail. [*PLEASE SEE ATTACHED EXHIBITS A, B, C, D, E* ]

(Prisoner's Civil Rights Compl. at 5.) The exhibits attached are a letter to Dr. Holmes from Cheryl VanHouten dated November 9, 1998, complaining generally regarding the timeliness with which inmates get access to their HIV medications while incarcerated at the Mesa County facility, and "WESTCAP Client/Provider Contact Forms," notations of telephone conversations of Ms. VanHouten with inmates and medical staff at Mesa County, dated October 30, 1998, May 4, 1998, May 5, 1998, and May 6, 1998, relating to complaints of tardiness in administering prescription drugs to HIV patients. Nowhere in this letter or notes is Mr. Overton's name specifically mentioned.

■ An inmate must allege and show he has exhausted all available remedies. *See Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.), *cert. denied,* 119 S.Ct. 88, 142 L.Ed.2d 69 (1998). Mr. Overton's explanation in the complaint does not demonstrate that he has exhausted administrative remedies pursuant to the rules in the Inmate Handbook. He does not allege that he addressed a "kite" to medical staff about

withholding of his anti-viral AIDS medications nor that he followed the procedure prescribed in the handbook for the informal and formal resolution of inmate grievances.

In Plaintiff [sic] Objections to all of the Defendant's [sic] Motions for Summary Judgment or Dismissal, Etc., Etc.... [sic], states (without affidavit) that although he asked for the Inmate Handbook many times from different staff members, he was told they were out of them and so could not acquire a copy of the handbook. He also maintains (without affidavit) that he turned in several kites during his first stay at the Mesa County facility, but did not receive any response and also turned in two the second time he was there, i.e. that time during which he complains he did not receive medication and that he does not know why Defendants now state there are no kites for that period. He also states he was not offered any grievance forms or advised he could file a grievance.

Defendants reply, attaching a Mesa County Detention Facility Cell/Property Accountability Form dated April 27, 1998, signed by Mr. Overton, in which he states "I verify the presence and good condition (unless otherwise noted), of the above listed 'Property Issued." I have been instructed to read the Inmate Handbook and ask any Pod Officer if I have questions about anything in the "INMATE HANDBOOK." According to the reply, the same form given to Overton on October 21, 1998, does not clearly show he received a handbook but Mr. Overton executed the same statement and had available to him a copy of the handbook in the housing pod, where copies are posted. Reference is made to the affidavit of Sheriff Claussen to the effect that Overton had been at the facility at least three times and used the kite system and did receive responses.

Defendants' motions are motions to dismiss or, in the alternative for summary judgment. They move the court pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim or that the court grant summary judgment under Rule 56.

I construe the complaint liberally because Mr. Overton is representing himself. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Even construing the complaint liberally, however, Mr. Overton's explanation does not demonstrate that he has exhausted administrative remedies pursuant to the handbook.

In ruling on Defendants' motions, I take into account matters outside the pleadings, including the affidavit of Defendant Claussen and the Mesa County Sheriff's Office Detention Facility Inmate Handbook. Mr. Overton was aware that the motion was couched as a motion to dismiss, or in the alternative for summary judgment as is reflected in the title of his response to the motions. He was afforded a reasonable opportunity to present all material made pertinent to the summary judgment motion by Rule 56, but did not submit any opposing affidavits or other admissible evidence. The pleadings and affidavits and admissible evidence on file show that there is no genuine issue as to the material fact that Mr. Overton failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Thus, Defendants are entitled to summary judgment. Accordingly,

IT IS ORDERED THAT Defendant Claussen's Motion to Dismiss pursuant to 42 U.S.C. § 1997 and F.R.Civ.P. Rule 12, treated as a motion for summary judgment is GRANTED;

IT IS FURTHER ORDERED THAT Defendant Holmes' Motion to Dismiss or for Summary Judgment is GRANTED;

IT IS FURTHER ORDERED THAT summary judgment shall enter for Defendants and against Plaintiff and that this case is dismissed with each party to bear his own costs.