**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JONATHAN PALOZIE,

      Plaintiff-Appellant,

v.

MICHAEL V. PUGH, Warden;
LAWRENCE L. LEYBA, D.O.,
Correctional Officers in U.S.P.
Florence, Colorado,

      Defendants-Appellees.

No. 02-1382
(D.C. No. 01-RB-2302 (CBS))
(D. Colorado)

---

**ORDER AND JUDGMENT**   *

---

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Jonathan Palozie, a federal prisoner appearing pro se, appeals from the dismissal under 28 U.S.C. § 1915(e) of his civil rights complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse.

## I.

Mr. Palozie's complaint is the eighth in a series of similar complaints filed against these defendants and other Bureau of Prison employees over the course of two years. On November 29, 2001, Mr. Palozie was granted leave to proceed *in forma pauperis* under § 1915. R. Doc. 3. The court noted that Mr. Palozie's certified prison account statement "reveals that Plaintiff's account balance is $0.00 and that there has been no activity in his account in the past six months," and allowed him "to proceed without payment of an initial partial filing fee." *Id.* at 1. But he was ordered to "make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment" by filing "a current certified copy of his trust fund account statement." *Id.* at 2; *see also* § 1915(b)(2).

As part of its screening process, and before service of the complaint on defendants, on May 31, 2002, the magistrate judge to whom the case was referred

-2-

ordered Mr. Palozie to make a monthly payment within fifteen days or to show cause why he could not do so. Mr. Palozie responded on June 10, 2002, by submitting a document stating that he had "no assets and no means of money" and that he had "been a . . . prisoner [in segregation] for (8) years with no job [sic] means of money." *Id.* Doc. 20, at 4. He also submitted a copy of a certified copy of his inmate account showing no deposits in the last six months, a balance of $0, and an encumbrance of $8,663.10. *Id.* Ex. 1 at 5.

Nevertheless, on July 17, 2002, the magistrate judge recommended the court dismiss the complaint for failure to make the payments and for failure "to show cause why he has no assets and no means by which to make the monthly payments." R. Doc. 26. The magistrate judge recommended the action be dismissed with prejudice for failure to comply with the May 31 order.

In a rambling response that focused on his repeated allegations of mistreatment, Mr. Palozie timely objected to the recommendation. He attached another certified inmate statement dated July 25, 2002, reflecting no money in his inmate account and demonstrating that there was still an encumbrance of $8,663.10 on that account. The district court found his objections to be "incomprehensible," adopted the magistrate judge's recommendation, and dismissed the action with prejudice. *Id.* Doc. 29. The court later denied Mr. Palozie's motion to proceed *in forma pauperis* on appeal.

-3-

## II.

The Federal Rules of Civil Procedure allow a district court to dismiss an action for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). Accordingly, we review for abuse of discretion the district court's dismissal of Mr. Palozie's suit. *See Mobley v. McCormick*, 40 F.3d 337, 340 & n. 1 (10th Cir. 1994). We conclude that the court abused its discretion in dismissing the case.

The record demonstrates that Mr. Palozie complied with the court's order to submit a certified copy of his inmate account. The account reflects no income credited to that account and no positive account balance. Under these circumstances, no monthly payment is due and the case could not be dismissed for failure to pay the fees. *See* § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Shabazz v. Parsons*, 127 F.3d 1246, 1248 (10th Cir. 1997) (noting that payment of initial partial fee is made only when funds exist and that subsequent monthly payments are "extracted only in months when the prisoner's trust fund account exceeds ten dollars," and noting that, under § 1915(b)(4), a prisoner cannot be precluded from going forward with action when he has no assets or means to make payments) (quotation omitted).

We express no opinion on the validity or merits of Mr. Palozie's underlying substantive claims. *But see Palozie v. Pugh*, No. 02-1282, slip op. at 3 (10th Cir. Oct. 17, 2002) (denying petition for temporary restraining order or preliminary injunction pending appeal and noting that Mr. Palozie's documents established that defendant Dr. Leyba had not been deliberately indifferent to his medical condition) (unpublished).

Because Mr. Palozie's appeal of the dismissal of his complaint, however garbled and poorly presented, is not frivolous and he has established indigency, we GRANT his motion for leave to proceed *in forma pauperis* on appeal. The motion to appoint a medical expert is DENIED. The "Emergency Ex Parte Application Permitting Palozie Drugs That Have Been Discontinued" is DENIED. Any other outstanding motion or document that may be construed as presenting a motion to this court is DENIED.

The judgment of the United States District Court for the District of Colorado is REVERSED and REMANDED.

Entered for the Court

Bobby R. Baldock
Circuit Judge