**F I L E D**

**UNITED STATES COURT OF APPEALS**

**DEC 20 2004**

**TENTH CIRCUIT**

JONATHAN PALOZIE,

      Plaintiff-Appellant,

v.

MICHAEL V. PUGH, Warden;
LAWRENCE L. LEYBA, D.O.,
Correctional Officers in U.S.P.
Florence, Colorado,

      Defendants-Appellees.

No. 04-1313
(D.C. No. 01-RB-2302 (CBS))
(Colorado)

# ORDER AND JUDGMENT*

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Jonathan Palozie, a federal prisoner proceeding *pro se*, filed a civil rights

action against various prison officials and prison medical professionals for

---

*After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

mistreatment and denial of proper medical care in violation of his constitutional rights. The district court dismissed his action for failure to exhaust administrative remedies and denied his request to proceed *in forma pauperis* (*ifp*) on appeal. Mr. Palozie appeals the district court's rulings, renews his request to proceed *ifp*, and has filed a number of additional motions with this court. We exercise jurisdiction under 28 U.S.C. § 1291, and construe Mr. Palozie's *pro se* filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999). For the reasons set forth below, we affirm the district court and deny Mr. Palozie's *ifp* request.[1]

Mr. Palozie filed a civil rights action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his First, Sixth, Eight and Fourteenth Amendment rights, arising out of defendants' alleged mistreatment of him and denial of proper medical treatment. In response to Mr. Palozie's complaint, the district court ordered him to show cause in writing why his civil action should not be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).[2] Mr. Palozie did not comply with

---

[1] In light of our disposition of Mr. Palozie's case, his motion for oral argument is moot. Likewise, we will not address his several motions and memorandums addressing the merits of his complaint in which he seeks alterations in his prison medical care, a specific diet, an independent medical examination, and the appointment of a medical expert.

[2] "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such

this order.

Mr. Palozie's action was referred to a magistrate judge who noted that while Mr. Palozie submitted numerous documents with his complaint purportedly addressing the exhaustion issue, the documents only referred to one of the named defendants in the action, and did not specifically address all the claims raised in his complaint. The magistrate judge further noted that while Mr. Palozie may have initiated some administrative grievance procedures, he failed to present any documentation showing he proceeded throughout the entire grievance process, and thereby failed to show he fully exhausted the administrative remedies available to him. The magistrate judge concluded "[i]t appears to the court that Palozie has not sufficiently exhausted his administrative remedies as to the claims in this lawsuit." Rec., vol. I, doc. 18 at 7. The magistrate judge therefore recommended the action be dismissed for failure to exhaust administrative remedies as required by § 1997e(a). The district court subsequently adopted the recommendation in full.[3] Mr. Palozie appeals.

---

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[3]The magistrate judge also issued a separate recommendation that Mr. Palozie's action be dismissed for failure to comply with a court order directing Mr. Palozie to make monthly payments toward his district court filing fee. The district court initially dismissed Mr. Palozie's action on these grounds, but was reversed by our court. *See Palozie v. Pugh, et al.,* 62 Fed. Appx. 876 (10th Cir. 2003). The case was remanded and the district court then dismissed Mr. Palozie's case for failure to exhaust administrative remedies.

We review *de novo* a district court's dismissal for failure to exhaust administrative remedies under § 1997e(a). *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Failure to exhaust administrative remedies as required by § 1997e(a) will result in dismissal of the case. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). In this context, "[a]n inmate must allege and show he has exhausted all available remedies." *Overton v. Claussen*, 65 F. Supp. 2d 1165, 1166 (D. Colo. 1999). More particularly, an inmate must allege exhaustion with sufficient specificity "and show that [he has] exhausted [his claims] by attaching a copy of the applicable administrative dispositions to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Mr. Palozie has not satisfied this burden. Even the most liberal reading of Mr. Palozie's complaint and his submissions to the district court and to our court would not transform the narrative and multitude of information in Mr. Palozie's filings into specific allegations undercutting the district court's determination that he failed to exhaust his administrative remedies.

In his complaint, Mr. Palozie briefly alleged he exhausted his administrative remedies but also claimed "remedys [sic] are frivolous and in fact don't work." Rec., Vol. I, doc. 4 at 5(a). Mr. Palozie did attach a variety of

materials to his complaint which indicate he filed several administrative grievance complaints against at least one of the named defendants. However, these documents do not necessarily match with specificity the claims raised in Mr. Palozie's complaint, nor do the documents establish Mr. Palozie fully exhausted the administrative process. Likewise, Mr. Palozie has submitted extensive additional documentation to this court on appeal, which includes evidence of Mr. Palozie's regular filing of administrative complaints against prison staff. However, as with the materials submitted with his complaint, these additional documents either do not address the specific claims made against the specific defendants named in the current controversy, or they fail to establish that Mr. Palozie proceeded with each complaint throughout the full administrative grievance process.

In sum, we agree with the district court's conclusion that Mr. Palozie failed to exhaust his administrative remedies. His civil action was therefore properly dismissed. We **DENY** Mr. Palozie's request to proceed *ifp*, and we **AFFIRM** the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-